458

## *ORDER*

PER CURIAM.

**AND NOW,** this 15th day of February, 2012, the Petitions for Allowance of Appeal are **GRANTED.** The orders of the Commonwealth Court are **VACATED** and this case is **RE-MANDED** pursuant to this Court's decision in *City of Scranton v. Firefighters Local Union No. 60,* 612 Pa. 23, 29 A.3d 773 (2011).

38 A.3d 768

CITY OF SCRANTON,

v.

FIRE FIGHTERS LOCAL UNION NO. 60, the Pennsylvania Department of Community and Economic Development and the Pennsylvania Economy League Central PA, LLC, as the Act 47 Coordinator for the City of Scranton.

Petition of Fire Fighters Local Union No. 60.

City of Scranton, Respondent

v.

Fire Fighters Local Union No. 60, Petitioner.

Supreme Court of Pennsylvania.

Feb. 15, 2012.

**ORDER**

PER CURIAM.

**AND NOW,** this 15th day of February, 2012, the Petitions for Allowance of Appeal are **GRANTED.** The orders of the Commonwealth Court are **VACATED** and this case is RE-MANDED pursuant to this Court's decision in *City of Scranton v. Firefighters Local Union No. 60,* 612 Pa. 23, 29 A.3d 773 (2011).

38 A.3d 768

Alton D. BROWN, Respondent

v.

Mark LEVY, Prothonotary of Montgomery County, Petitioner.

Supreme Court of Pennsylvania.

Feb. 16, 2012.

***ORDER***

PER CURIAM.

**AND NOW,** this 16th day of February 2012, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, as stated by petitioner, is:

> Does an inmate's mandamus action that seeks (i) an order compelling a prothonotary to accept a previously rejected civil complaint for filing, and (ii) an award of money damages for alleged physical and mental suffering supposedly caused by the prothonotary's actions, address "the effects of